NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM C. MARTUCCI, and WHITE CORPORATIONS I-X, <br><br> Plaintiffs, <br><br> v. <br><br> PROCTER & GAMBLE *et al..*, <br><br> Defendants. | Civil Action No.: 15-4434 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) by judgment creditors Pricaspian Development Corporation, Jack Grynberg, and Grynberg Petroleum Company (collectively "Creditors"). (ECF No. 8). The motion is unopposed. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Creditors' motion is DENIED.

## BACKGROUND

Plaintiff is a pro-se litigant appearing to claim breach of contract, breach of implied covenant of good faith and fair dealing, conversion, negligent misrepresentation, conspiracy, fraud, and restraint of trade against Defendants. (ECF No. 1, Complaint ("Compl.")). Defendants are companies and manufacturers in the coupon redemption business. (Compl. at 1-3).

Pending before the Court is Creditors' Motion to Intervene pursuant to Federal Rule of Civil Procedure 24. (ECF No. 8-1, ("Mot. to Intervene")). Creditors have a Colorado judgment, docketed on July 22, 2009 in New Jersey, in the amount of $3,601,947.04 plus interest, jointly and severally, against Plaintiff William Martucci and another individual not implicated in this matter. (Mot. to Intervene at 1, Ex. A). Creditors argue that they have a significant legal interest in any recovery by the Plaintiff in this matter. (*Id.* at 4). Specifically, Creditors assert that Plaintiff has been avoiding their attempt to collect the judgment by actively concealing and misrepresenting his assets for years. (*Id.* at 4-5). Moreover, Creditors argue that Plaintiff's concealment of assets is a tangible threat to Creditors' interest in any recovery. (*Id.* at 5). As such, Creditors contend that they should be allowed to intervene as of right.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

The Third Circuit has held that a litigant seeking intervention as of right under Rule 24(a)(2), as the Creditors are seeking to do in this case, must establish each of the following requirements:

> (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

2

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998)); *see also Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.1995).

An intervenor's interest must be "significantly protectable," meaning "the interest must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top*, 72 F.3d at 366 (quotations omitted). Furthermore, the putative intervenor "must demonstrate that there is a tangible threat" to that "legally cognizable interest." *Ibid.* Stated differently, the putative intervenor must demonstrate that his interest in the underlying litigation is direct rather than "remote or attenuated." *Kleisser*, 157 F.3d at 972.

Creditors seek to intervene in this matter pursuant to Rule 24(a)(2); however, Creditors have failed to satisfy the Third Circuit's requirement that they demonstrate a "sufficient interest" in the underlying litigation. *Liberty Mut. Ins. Co.*, 419 at 220. Creditors argue that if Plaintiff's suit is successful such that he recovers damages, he is likely to "transfer the proceeds to conceal the location of the proceeds from Creditors." (Mot. to Intervene at 5). Thus, the Creditors are seeking to intervene to preclude Plaintiff from concealing any proceeds recovered in this action so that they may reach those proceeds in satisfaction of Plaintiff's debt.

Any interest that the Creditors may have in the Plaintiff's potential recovery in this matter falls far short of the Third Circuit's requirement that such an interest be direct, and not a "mere economic interest in the outcome of litigation." *Liberty Mut. Ins. Co.*, 419 at 221 (citing *Mountain Top*, 72 F.3d at 366). Here, Creditors' alleged interest is too remote because it involves collection of a prior, unrelated judgment against the Plaintiff. By way of comparison, courts have held that even a judgement creditor with a direct interest in the property at issue in

3

the underlying litigation lacks a sufficient enough interest to intervene as of right. *See, e.g., United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) (holding that a judgment creditor's interest in the prospective collectability of a debt secured by property directly implicated in the underlying litigation was insufficient to permit intervention as of right). Indeed, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Mountain Top*, 72 F.3d at 366. Here, the Creditors have failed to show that they have a direct interest in the underlying litigation such that they are entitled to intervene as of right, and accordingly, their Motion to Intervene is denied.

Because Creditors have not established a significantly protectable legal interest in the litigation, this Court need not address whether they have met the remaining requirements under Rule 23(a).

## CONCLUSION

For the reasons set forth above, Creditors' motion is DENIED. An appropriate Order accompanies this Opinion.

DATED: October 5, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

4