NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM C. MARTUCCI AND WHITE CORPORATIONS I-X,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTER & GAMBLE, INC., ET AL,<br><br>Defendants. | Civil Action No.: 15-4434 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of separately-filed motions to dismiss *Pro se* Plaintiff William C. Martucci's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Reckitt Benckiser (ECF No. 151), Phillip Morris USA, Inc. ("Phillip Morris") (ECF No. 152), Georgia-Pacific, LLC ("Georgia-Pacific" (ECF No. 155), Bausch & Lomb ("BL") (ECF No. 159-161), Abbot Labs, Inc. ("Abbot") (ECF No. 179) (collectively, the "Manufacturer Defendants"), and a motion to dismiss for failure to state a claim and lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Kristy Hershberger, A.G. Laffey and Ralph Maresco (the "Individual Defendants") (ECF No. 170) (collectively, the "Moving Defendants"). Plaintiff has opposed the motions filed by Phillip Morris (ECF No. 158), Georgia-Pacific (ECF No. 167), the Individual Defendants (ECF No. 187), and Abbot (ECF No. 188), and those Defendants have filed reply briefs. (See ECF Nos. 174 (Phillip Morris), 190 (the Individual Defendants), 192 (Georgia Pacific), 193 (BL), and 195 (Abbot)).[1]

---

[1] Plaintiff has also filed sur-replies to several of the Defendants' moving briefs. (ECF Nos. 192, 193). Plaintiff never sought permission to file a sur-reply to these briefs, and the Court will not consider the arguments made

1

The Court decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants the Moving Defendants' motions to dismiss Plaintiff's Amended Complaint.

## BACKGROUND

Plaintiff William C. Martucci ("Plaintiff" or "Mr. Martucci") is a *Pro se* litigant who was granted *in forma pauperis* status. (ECF No. 2). Plaintiff filed the instant action on June 24, 2015. (See ECF No. 1). After the Court granted motions to dismiss filed by several defendants (ECF Nos. 70, 94), Plaintiff filed the operative Amended Complaint on January 11, 2016. (ECF No. 147, "Am. Compl.").[2]

Plaintiff's nine-count Complaint alleges unlawful conduct relating to the coupon redemption business. According to Plaintiff, "[t]he coupon redemption business is a process by which manufacturer's [sic] issue vendor coupons, which have been redeemed by a retailer, then sent to a clearinghouse for reimbursement." (Id. ¶ 9). The clearinghouse, in turn, "scan[s] and total[s] the coupons so that retail stores may receive reimbursement checks from the issuing manufacturer of the coupons or their agents." (Id.).

Mr. Martucci brings this actions against several categories of defendants who are alleged participants in the coupon redemption business. First, Plaintiff identifies Proctor & Gamble, Inc. ("P&G"), who, according to Plaintiff, "is a leading issuer of vendor coupons." (Am. Compl. ¶

---

therein. That said, the Court has read Plaintiff's unauthorized sur-replies and notes that same do not contain any arguments not already included in Plaintiff's opposition briefs.

[2] The Court notes that on November 30, 2015, Plaintiff filed a letter application seeking leave to file an Amended Complaint. (ECF No. 116). Attached to that application was the proposed Amended Complaint as well as exhibits to same. On December 2, 2015, Magistrate Judge Dickson entered an Order noting that Plaintiff did not need permission to file the requested Amended Complaint, and directing the Clerk of the Court to file Plaintiff's proposed Amended Complaint as the operative complaint. (ECF No. 118). On January 11, 2016, the Clerk of Court did enter ECF No. 116-1 as the Amended Complaint (ECF No. 147); however, that entry does not include the exhibits attached to the letter application (ECF No. 116-2). Nonetheless, the Court considers those exhibits as part of Plaintiff's Amended Complaint.

10). Plaintiff states that "P&G receives vendor coupons from retailers and clearinghouses. P&G issues payment for only P&G vendor coupons." (Id.). Plaintiff has also identified three alleged employees of P&G as Defendants, referred to herein as the "Individual Defendants." (Id. ¶ 5). Additionally, Plaintiff names Inmar, Inc. ("Inmar") and its alleged subsidiary, Carolina Marketing Service ("CMS") as Defendants. (Id. ¶ 6). Inmar is alleged to be a "redemption agent for various manufacturers' vendor coupons." (Id. ¶ 11). In this capacity, "Inmar processes manufacturers' vendor coupons and pays retailers and coupon clearinghouses for their vendor coupon submissions." (Id.). The remaining (and majority) of the Defendants are manufacturers who issue coupons for their products, referred to herein as "Manufacturer Defendants." (Id. ¶ 12). According to Plaintiff, the Manufacturer Defendants are "represented by [defendant] Inmar, Inc., and are under contract to Inmar to perform coupon processing services on their behalf." (Id. ¶ 12).

In Mr. Martucci's Amended Complaint, he alleges that, "for nearly forty (40) years," both P&G and Inmar/CMS have "issued approval to Plaintiffs to be a fully approved clearinghouse for vendor coupon redemption." (Id. ¶¶ 16, 18). According to Plaintiff, both P&G and Inmar failed to honor their contracts with "Plaintiffs," which caused Plaintiff to lose ninety percent of his coupon business. (Am. Compl. ¶¶ 18, 19).

Plaintiff's Amended Complaint includes the following nine counts: Breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), conversion (Count III), negligent misrepresentation (Count IV), conspiracy (Count V), fraud (Count VI), restraint of trade (Count VII), "open invoices" (Count VIII), and violations of the Sherman Antitrust Act (Count IX).

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the Court has "a special obligation to construe his complaint liberally." *See Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (quotations omitted). That said, even a *pro se* litigant's Complaint is subject to dismissal if a Court, after liberally construing same, finds that the plaintiff has not met the threshold pleading standards outlined by the Federal Rules of Civil Procedure and case law. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) . . . counsel[s] dismissal.").

## **ANALYSIS**

Currently pending before the Court are motions to dismiss for failure to state a claim under Rule 12(b)(6) filed by the Manufacturer Defendants, as well as a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), filed by the Individual Defendants. The Court's analysis

4

begins and ends with a discussion of the Individual Defendants' motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1). In summary, the Individual Defendants assert that Mr. Martucci lacks standing to bring these claims (at least with respect to the Individual Defendants) because he has not shown that he has personally suffered an injury at the hands of the Defendants.

As the Third Circuit as explained: "Article III of the Constitution restricts the 'judicial power' of the United States to the resolution of cases and controversies. Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (internal citations omitted). To assert standing, "a plaintiff must show (a) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *NCAA v. Governor of N.J.*, 730 F.3d 208, 217-18 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Stated differently, a plaintiff does not have standing to challenge a defendant's actions unless the plaintiff can "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 117 (1979).

Generally, when a defendant's allegedly unlawful conduct causes harm to a corporation, it is the corporation rather than any shareholder or officer who has standing to file suit. *See, e.g., Meade v. Kiddie Academy Domestic Franchising*, Civ. No. 11-4077, 2012 WL 1043120, *3 (D.N.J. Mar. 28, 2012) ("[A]bsent a direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation, and . . . the president and principal shareholder of a corporation cannot claim damages to the corporation as his own."); *see also see*

*Central Jersey Freightliner, Inc. v. Freightliner Corp.*, 987 F. Supp. 289, 301 (D.N.J. 1997) ("It is well established that 'a shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation.'") (citation omitted); *see also Pitchford v. PEPI, Inc.*, 531 F.2d 92, 97 (3d Cir. 1975) (holding that plaintiff, the shareholder and officer of a corporation, lacked standing to file an antitrust action where "[t]here [was] no proof that any of the restraints were directed against [plaintiff] individually as a shareholder or as an officer" of the businesses).

In light of the above standards, the Individual Defendants argue, *inter alia*, that Mr. Martucci has not suffered a personal injury at the hands of the Individual Defendants, and that he therefore lacks standing to file the instant lawsuit. While the Court believes that the Individual Defendants' argument as to lack of standing has merit, for the reasons discussed below, and on the facts alleged in the Amended Complaint, it is impossible for the Court to properly analyze this standing issue.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must set forth, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Implicit within this requirement is a precise understanding of the identity of the "pleader" who is seeking relief. Mr. Martucci's Amended Complaint identifies "William C. Martucci and White Corporations I-X" as Plaintiffs. (Am. Compl. at 1-2). Mr. Martucci identifies only himself in the "Parties" section of the Amended Complaint. Mr. Martucci does not offer any explanation as to why he files this action on behalf of "White Corporations I-X." Nor does Mr. Martucci identify himself as having any relationship, be it as a shareholder, officer, or otherwise, of any corporation relevant to this matter. Accordingly, it is unclear who the plural "Plaintiffs" are that Mr. Martucci references throughout his Amended Complaint. Without even an

understanding of who the "Plaintiffs" to this action are, the Court cannot properly engage in an analysis as to whether the unknown "Plaintiffs" have standing to file suit, as the Individual Defendants have requested. (ECF No. 170, Individual Defendants' Moving Brief, at 4-5).

If Mr. Martucci wishes to file a Second Amended Complaint, as the Court will permit him leave to do, he must clearly identify who the Plaintiff(s) to this action are. Defendants are entitled to know who is suing them, and neither the Court nor Defendants will speculate as to the identity of "White Corporations I-X."[3]

Just as Mr. Martucci has not properly identified the Plaintiff(s) to this action, he has failed to clearly identify which claims he is asserting against which of the numerous Defendants he names in this lawsuit. For example, Plaintiff has failed to plead any allegations of wrongdoing against any specifically-named Manufacturer Defendants. Instead, with respect to allegations of price-fixing and conspiracy, Plaintiff alleges that "Inmar/CMS was acting alone or in concert *with manufacturers* to set a $5.00 per 1,000 coupons fee for shipping and postage" and that "Inmar/CMS and *Inmar clients* under contract to Inmar acted in concert to not increase $.08 [coupon] handling fee as directed by Inmar/CMS. (Am. Compl. ¶¶ 37, 38) (emphasis added). However, Plaintiff cannot sufficiently plead a violation of the Sherman Antitrust Act by offering allegations against "manufacturers" generally. *See Banxcorp v. Apax Partners, L.P.*, 2011 WL

---

[3] In the original Complaint, Mr. Martucci specifically identified the two corporations who are named in documents now attached to his Amended Complaint. (See ECF No. 1). The original Complaint states that "United Grocers Clearing House, Inc. [('UGCH')] . . . is now known as Retailers Marketing Group, Inc. [('RMG')]" (ECF No. 1 ¶ 15). Plaintiff originally alleged that both RMG and "WMC" (which the Court presumes stands for William C. Martucci) were a fully approved and authorized clearinghouse for vendor coupon redemption. (ECF No. 1 ¶¶ 15, 17). Now, Plaintiff's Amended Complaint omits any reference to either UGCH or RMG. However, attached to the Amended Complaint is a contract that appears to have been executed in November 2010 and signed by Mr. Martucci on behalf of "Retailers Marketing Group." (ECF No. 116-2, Exh. B, at 5-11). Similarly, Plaintiff has attached a contract dated July 21, 1995 and entered into between UGCH and Carolina Manufacturer's Service, Inc., which Plaintiff alleges "is part of Inmar, Inc." (ECF No. 116-2, Exh. C, at 13-16). As Plaintiff's Amended Complaint does not make any reference to either RMG or UGCH, the Court declines to make any assumptions as to whether or not these entities are parties to this action.

1253892, *4 (D.N.J. Mar. 28, 2011) ("Plaintiff's use of the 'global term . . . defendant . . . to apply to numerous parties without any specific allegations that would tie each defendant to the conspiracy is not sufficient' [to state a Sherman Antitrust claim] under *Twombly* and its progeny.") (quoting *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 312 (D.N.J. 2004)).

    Moreover, Plaintiff does not request any relief against any of the Moving Defendants that is specifically tied to any of the claims in his nine-count Amended Complaint; rather, Plaintiff demands judgement in each Count against some combination of the following Defendants: Proctor & Gamble, Inc., Inmar, Inc., CMS, R.J. Reynolds, The Coca Cola Company and Nestles. Plaintiff's Amended Complaint does, however, include a list of all amounts allegedly owed by the specific Manufacturer Defendants, and states that Plaintiff will dismiss these Defendants from this action with prejudice "upon completion of their financial obligation." (Am. Compl. at 35). Notably, Plaintiff has failed to state the origin of these alleged financial obligations and has failed to tie this relief to any allegations in his Amended Complaint. Similarly, although Plaintiff has not requested relief against any of the Individual Defendants for violations of any of the nine counts, Plaintiff's Amended Complaint culminates with a section entitled "Requested Relief" in which he seeks a total of $24 million against the Individual Defendants. (Id. at 36-38). Plaintiff's requests for various sums of money that are not tied to any of the claims alleged in his Amended Complaint and are not supported by factual assertions do not comply with the pleading requirements as outlined in the Federal Rules.

    To summarize, in light of the deficiencies of Plaintiff's Amended Complaint, the Defendants, as well as this Court, are left guessing: (1) the identity of the Plaintiff(s) filing this lawsuit; (2) whether those Plaintiff(s) have standing to bring this lawsuit; (3) which claims those unknown Plaintiff(s) intend to bring against which Defendants, and; (4) the basis for any relief

sought against these Defendants. As Plaintiff has failed to comply with the threshold pleading requirements of Rule 8(a), the Court will grant all pending motions to dismiss Plaintiff's Amended Complaint, and will permit Plaintiff one final opportunity to file a pleading that successfully states a claim for relief.

## CONCLUSION

For the reasons stated above, the Court grants the pending motions to dismiss filed on behalf of the Manufacturing Defendants and the Individual Defendants. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: April 11, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE