NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM C. MARTUCCI AND WHITE CORPORATIONS I-X, <br><br> Plaintiffs, <br><br> v. <br><br> PROCTER & GAMBLE, INC., ET AL, <br><br> Defendants. | Civil Action No.: 15-4434 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss *Pro Se* Plaintiff William C. Martucci's Second Amended Complaint, filed on behalf of numerous Defendants named in this action. (ECF No. 217). On July 22, 2016, Defendants filed a supplemental letter in support of their motion (ECF No. 220), and on July 26, 2016, Mr. Martucci filed a document that he titled "reply brief in support of motion in opposition" (ECF No. 221). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court grants the Defendants' motion to dismiss this action, and will dismiss this matter with prejudice given Plaintiff's repeated failures to correct the numerous deficiencies previously identified by this Court.

**I.    Background**

The Court has, on several occasions, set forth the factual allegations of Plaintiff's Complaint (*see* ECF Nos. 39, 69, 199). Accordingly, the Court sets forth herein only those facts relevant to the pending motion to dismiss.

1

On April 11, 2016, this Court granted several motions to dismiss filed by a number of Defendants. (ECF Nos. 199, 200). Among other deficiencies, the Court explained that Plaintiff's Amended Complaint failed to clearly identify the "Plaintiffs" to this action in violation of Federal Rule of Civil Procedure 8(a). Accordingly, the Court was unable to engage in an analysis of whether the unknown "Plaintiffs" had standing to bring this action in the first place. Therefore, the Court granted the Defendants' motions.

In the Order accompanying the April 11th Opinion, the Court advised Mr. Martucci that he would be given "one final opportunity to submit a pleading that complies with the pleading requirements of the Federal Rules and amends the deficiencies identified in the Opinion accompanying this Order and this Court's prior Opinions dismissing Plaintiff's original complaint (see ECF Nos. 69, 93)." The Court gave Plaintiff forty-five days—a generous amount of time—to file a satisfactory amended pleading. The Court informed Mr. Martucci that if he "fails to timely file an amended pleading, or files a pleading that fails to comply with the Federal rules, the Court will direct the Clerk of the Court to CLOSE this matter."

On May 16, 2016, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 208). On June 8, 2016, in response to letters filed by defense counsel, Mr. Martucci informed the Court that portions of his SAC were inadvertently not filed. (ECF No. 212). He therefore asked the Court for permission to file a corrected pleading. (*Id.*). The Court granted Plaintiff's request (ECF No. 213) and on June 20, 2016, Plaintiff filed what the Court construes as the operative SAC. (ECF No. 214).

On July 8, 2016, several Defendants filed a joint letter requesting that the Court dismiss Plaintiff's SAC with prejudice, pursuant to this Court's April 11th Order. (ECF No. 216). That same day, several other Defendants filed the pending joint motion to dismiss Plaintiff's SAC.

(ECF No. 217). Defendants note that "Plaintiff's [SAC] does nothing more than combine his prior Amended Complaint with a legal memorandum making arguments already considered and rejected by this Court. It does not correct any of the legal deficiencies identified by Defendants in their prior motions to dismiss or found by the Court in its Opinion and Order of April 11." (ECF No. 217-1 at 3).

On July 12, 2016, apparently in response to the pending motion, Plaintiff filed a letter requesting "permission to correct the Title Page error in the Second Amended Complaint to remove White Corporation I-V." (ECF No. 218). Mr. Martucci did not request permission to make any substantive amendments to the SAC. (*See id.*).

Defendants filed a supplemental letter in support of their motion to dismiss on July 22, 2016 (ECF No. 220), and Plaintiff filed a document entitled "reply brief in support of motion in opposition" on July 26, 2016 (ECF No. 221).

## II.     Discussion

For at least the third time, Plaintiff has failed to file a pleading that complies with the threshold pleading requirements of Federal Rule of Civil Procedure 8(a). In its April 11th Opinion, this Court addressed the argument raised by several Defendants that Mr. Martucci lacked standing to bring this lawsuit because he has not demonstrated that he suffered a personal injury that is separate and distinct from that of the corporations on whose behalf he attempts to bring this action. The Court wrote:

> As the Third Circuit has explained: "Article III of the Constitution restricts the 'judicial power' of the United States to the resolution of cases and controversies. Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (internal citations omitted). To assert standing, "a plaintiff must show (a) an 'injury in fact,' *i.e.*, an actual or

imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.,* traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *NCAA v. Governor of N.J.*, 730 F.3d 208, 217-18 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Stated differently, a plaintiff does not have standing to challenge a defendant's actions unless the plaintiff can "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 117 (1979).

Generally, when a defendant's allegedly unlawful conduct causes harm to a corporation, it is the corporation rather than any shareholder or officer who has standing to file suit. *See, e.g., Meade v. Kiddie Academy Domestic Franchising*, Civ. No. 11-4077, 2012 WL 1043120, *3 (D.N.J. Mar. 28, 2012) ("[A]bsent a direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation, and . . . the president and principal shareholder of a corporation cannot claim damages to the corporation as his own."); *see also see Central Jersey Freightliner, Inc. v. Freightliner Corp.*, 987 F. Supp. 289, 301 (D.N.J. 1997) ("It is well established that 'a shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation.'") (citation omitted); *see also Pitchford v. PEPI, Inc.*, 531 F.2d 92, 97 (3d Cir. 1975) (holding that plaintiff, the shareholder and officer of a corporation, lacked standing to file an antitrust action where "[t]here [was] no proof that any of the restraints were directed against [plaintiff] individually as a shareholder or as an officer" of the businesses).

In light of the above standards, the Individual Defendants argue, *inter alia*, that Mr. Martucci has not suffered a personal injury at the hands of the Individual Defendants, and that he therefore lacks standing to file the instant lawsuit. While the Court believes that the Individual Defendants' argument as to lack of standing has merit, for the reasons discussed below, and on the facts alleged in the Amended Complaint, it is impossible for the Court to properly analyze this standing issue.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must set forth, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Implicit within this requirement is a precise understanding of the identity of the "pleader" who is seeking relief. Mr. Martucci's Amended Complaint identifies "William C. Martucci and White Corporations I-X" as Plaintiffs. (Am. Compl. at 1-2). Mr. Martucci identifies only himself in the "Parties" section of the Amended Complaint. Mr. Martucci does not offer any explanation as to why he files this action on behalf of "White Corporations I-X." Nor does Mr. Martucci identify himself as having any relationship, be it as a shareholder, officer, or otherwise, of any corporation relevant to this matter. Accordingly, it is unclear who the plural "Plaintiffs" are that Mr. Martucci references throughout his Amended Complaint. Without even an understanding of who the "Plaintiffs" to this action are, the Court cannot properly

4

>engage in an analysis as to whether the unknown "Plaintiffs" have standing to file suit, as the Individual Defendants have requested. (ECF No. 170, Individual Defendants' Moving Brief, at 4-5).

Now, in Plaintiff's SAC, he lists both "Retailers Marking Group, Inc." and William C. Martucci as Plaintiffs. (SAC at 18). However, as the Court previously noted in the above-quoted section of the April 11, 2016 Opinion, an individual plaintiff does not have standing to challenge a defendant's actions unless the plaintiff can "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone Realtors*, 441 U.S. at 117. Plaintiff has not done so in this newest pleading.

Here, the factual allegations in the SAC refer to "Plaintiffs" in the plural, without delineating between the harm allegedly incurred by Mr. Martucci as an individual and that allegedly incurred by RMG. For example, the SAC claims that "[t]he Plaintiffs have the right to sue on a contract despite not having originally been an active party in the contract between Manufacturer and Inamr." (SAC at 17). Plaintiff also alleges that "During phone calls between P&G and Plaintiffs, P&G insisted that there was no contract with Plaintiffs." (SAC at 26). Therefore, because Mr. Martucci has not alleged any facts pertaining to the extent of his relationship with RMG or any injury he suffered as an individual that is distinct from the harm allegedly suffered by RMG, the Court finds that Mr. Martucci lacks standing to file this lawsuit.

Moreover, Mr. Martucci is not permitted to represent RMG without a law license. *See Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006); *see also Rowland v. California Men's Colony,* 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Mr. Martucci has advised the Court on June 8, 2016 (ECF No. 212) and again on July 12, 2016 (ECF No. 218 at 2), that the owner of RMG is attempting to find legal counsel; However, to date, no appearance

has been entered on RMG's behalf. Therefore, the Court will not permit Mr. Martucci—who appears *Pro se*—to continue to litigate this matter on RMG's behalf.

On July 12, 2016, Plaintiff filed a letter indicating that he "did not proof read the Second Amended Complaint" and therefore did not realize that title page of that document still references White Corporation I-V. (ECF No. 218). Thus, Plaintiff requests that the Court grant him permission to correct the title page of the Second Amended Complaint to remove any reference to White Corporations I-V. (*Id.*). Because simply removing "White Corporations I-V" from the caption of his SAC will not currently the standing deficiencies identified above and the other deficiencies that this Court need not address in light of the standing deficiencies, the Court denies Plaintiff's request to file a corrected title page.

This Court is mindful of Plaintiff's *Pro se* status, and has given Mr. Martucci the benefit of the doubt throughout this litigation. However, the Court will not permit this litigation to continue any further in light of Plaintiff's repeated failures to correct the deficiencies identified by this Court in its several opinions dismissing this action. The Court did advise Mr. Martucci that his failure to comply with the Court's April 11, 2016 Opinion and Order will result in a dismissal of this case with prejudice.

### III.   Conclusion

For the reasons stated herein, Defendants' motion to dismiss this matter is hereby granted, and Plaintiff's SAC is dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

JOSE L. LINARES, U.S.D.J.